RYAN v. CHOWN.

1. TROVER AND CONVERSION — RETURN OF PROPERTY — INSUFFICIENCY.

A defendant is liable in trover for the conversion of a turkey and its brood, which she found on the highway and took into her possession in the belief that they were hers, and which the plaintiff demanded but was not able to obtain, where the defendant thereafter took them to the place where she found them and turned them loose, without notice to the owner.

2. SAME—JUDGMENT—EFFECT—SUBSEQUENT RECOVERY OF PROPERTY BY PLAINTIFF.

After a judgment for the value of the turkeys, a notice published by the plaintiff in a local newspaper that certain stray turkeys, not identified as the subject of the litigation, came to plaintiff's farm on a date subsequent to the judgment, is incompetent to show his recovery of the birds, which would at that time have been the property of the defendant.

Error to Lapeer; Smith, J. Submitted January 10, 1910. (Docket No. 14.) Decided March 5, 1910.

Trover by Daniel W. Ryan against Eunice Chown. A judgment for defendant is reviewed by plaintiff on writ of error. Reversed.

*William E. Brown*, for appellant.

BROOKE, J.    The plaintiff in July, 1907, was the
owner of a hen turkey and 14 young ones.    Defendant,
who also owned turkeys, resided about a mile and a half
distant from plaintiff's farm.    One of defendant's hen
turkeys had been astray for some weeks.    About the
middle of July, defendant, while driving along the high-
way, in the vicinity of plaintiff's farm, found a hen tur-
key and chicks in the road.    She seems to have believed
that the mother bird was the one belonging to her own
flock, which was astray.    At any rate, she caught the
mother and brood of 10, conveyed them to her home and
shut them up that night.    Upon the same day, she was
advised by one Thick, a neighbor of both plaintiff and de-
fendant, who had passed her while she was securing the
brood, that he believed she had made a mistake; that he
thought the turkey she had taken belonged to plaintiff
and that her turkey was on the corner.    Plaintiff, miss-
ing his brood, and being advised by Thick of the fact that
defendant had taken a brood, which he (Thick) believed
belonged to Ryan, drove over to defendant's farm to
make inquiries about his property.    There, defendant ad-
mitted possession of the brood, said she did not know
whether it belonged to Ryan or not, but that if he said it
did, he might take it.    At that time, the brood was in a
field of standing oats and it could not be seen or captured.
The oats were cut the following week.    A few days later,
and after the oats were cut, a note was written by plain-
tiff, demanding a return of the property, and threatening
suit if it was not returned.    Upon receipt of this note, de-
fendant claims to have taken the turkey and her brood,
one night after dark, back to the place in the highway
where she had found them, and there liberated them,
without notice to plaintiff, and he has never regained
possession of them.    Plaintiff, knowing nothing of the re-
turn (if such return was made), commenced suit in trover
on August 29th, which resulted in a judgment in his

favor for $22. Defendant appealed from said judgment to the circuit court, where it was reversed. Plaintiff has removed the case to this court for review on writ of error.

The trial court charged the jury, in part, as follows:

" I charge you, further, that in order for defendant to avoid the liability in an action for trover she must have returned the turkeys to plaintiff, before suit, and the fact that the turkeys were in the neighborhood some time after the commencement of the suit would be no defense to this action. Now, counsel ask me to say to you that if she turned the turkeys loose in the highway, that would not be a return, but I decline to give it in that form, and leave it a question for the jury to determine, whether leaving the turkeys where they were found in the highway was a return of the turkeys to the plaintiff. I say to you that if you find, considering the nature of the turkey, in view of all the circumstances in this case, that that was a proper, fair, and reasonable return of the property to Mr. Ryan, if they were his turkeys, and she did that before the suit, and she is sure about the date, then she would not be liable, but if you find that the leaving of them that distance from his house, at that time of day, or evening, or night, without giving him any notice, was not a fair and reasonable return of the property, then there is no question but what she was liable, if the turkeys were Mr. Ryan's."

We think error is properly assigned upon this instruction. The record shows that it is the nature of turkeys to wander. The alleged return, the fact of which, as to time, is not clear upon the record, was not such a return as would relieve defendant from liability, because the property was not, in fact, placed in plaintiff's possession, nor was he notified of defendant's act. Assuming that defendant did just what she claims, her act indicated rather a desire to avoid liability than a purpose in good faith to repossess plaintiff of his property.

Plaintiff assigns error upon the admission of an advertisement, inserted by plaintiff, in a local newspaper, to the effect that 10 stray turkeys came to his place about October 12th. We think the exception well taken. Plaintiff had recovered judgment against defendant for the value

of the property on September 20th. That judgment put an end to his right to reclaim the property, even supposing the property advertised to have been identical with that in litigation, which is not shown. *Kenyon* v. *Woodruff*, 33 Mich. 310. But the admission of the advertisement may have led the jury to infer that plaintiff had recovered his property, and was therefore not entitled to relief.

Error is assigned upon other portions of the charge, but as the case must be reversed for the reasons stated, it is unnecessary to give the same consideration, particularly as the question involved therein is not likely to arise upon another trial.

The judgment is reversed, and a new trial granted.

HOOKER, MOORE, MCALVAY, and BLAIR, JJ., concurred.