POLLARD, Respondent, v. BORNEMAN et al., Appellants.

(201 N. W. 525.)

(File No. 5385. Opinion filed December 18, 1924.)

1. **Livery Stable and Garage Keepers—Contracts—Intoxicating Liquors—Storage—Owner of Car Not Liable for Storage Where No Privity of Contract Existed.**

   Where officers seized plaintiff's taxicab and placed it in defendant's garage and defendant retained it, notwithstanding plaintiff's repeated requests therefor, plaintiff was not liable for storage or bound to return storage check; he not having assumed any liability therefor, and there being no privity of contract between them.

2. **Replevin—Burden of Proof—Defendant Sued by Owner Must Show Better Right to Possession.**

   Where owner of taxicab seized by officers and stored in defendant's garage sued for its possession, defendant had burden of showing his better right to possession.

3. **Costs—Appeal and Error—Appellee Awarded Statutory Damages Where Appeal Merely for Purpose of Delay.**

Where appeal is so utterly without merit that it could have been taken for no other purpose than delay, appellee will be awarded damages of 10 per cent of amount of judgment, as provided by Rev. Code 1919, Sec. 2601, subd. 5.

Appeal from Circuit Court, Minnehaha County; Hon. JOHN T. MEDIN, Judge.

Action by Charles S. Pollard against E. A. Borneman and another. From judgment and order for plaintiff, defendants appeal. Affirmed.

*Lynch, Doyle & Smith,* of Sioux Falls, for Appellants.

*Peck & Wall,* of Sioux Falls, for Respondent.

POLLEY, J. [1, 2] On and prior to September 26, 1920, plaintiff was operating a number of taxicabs on the strees of Sioux Falls. On the date mentioned parties vaguely described as federal officers, prohibition officers, etc., took one of these cars from the driver thereof, and placed it in a garage that was operated by defendants. Later in the day, plaintiff hearing of the incident, went to defendants' garage and demanded his car. He was told that it had been placed there by federal officers and that he could not have it. At intervals for several months thereafter plaintiff went to defendants' garage and asked for his car, but was refused. Finally he was told that he could have his car if he would produce the storage check that had been given out when the car was brought in and pay the storage charges. Plaintiff had never had the storage check and refused to pay any storage charges. After defendants had kept the car for something over a year, plaintiff brought this action to recover its possession or its value in case possession could not be had. Plaintiff had judgment, and defendants appeal.

At the trial defendants failed to establish any right whatever to detain the car. The car belonged to plaintiff, and he had a right to its possession unless defendants had a better right, and they had the burden of showing such right. This they failed to do. Nor was plaintiff under any obligation to pay defendants storage or to return the storage check. He did not place the car in defendants' garage, nor assume any liability for its storage. There was no privity of contract whatever between plaintiff and defendants.

[3]    There was such a total lack of justification for detaining the car by defendants that there was nothing to do at the trial but to determine the amount of the judgment to which plaintiff was entitled.   And the appeal is so utterly without merit that it could have been taken for no other purpose than to delay plaintiff in collecting his judgment.   For this reason plaintiff will be awarded damages, for such delay, of 10 per cent. of the amount of the judgment as provided by subdivision 5, section 2601.   Code 1919.

The judgment and order appealed from are affirmed.

DILLON, J., not sitting.

Note.—Reported in 201 N. W. 525.   See, Headnote (1), American Key-Numbered Digest, Livery stable and garage keepers, Key-No. 6, Motor vehicles, 28 Cyc. 43 (1925 Anno.); (2) Replevin, Key-No. 70, 34 Cyc. 1502 (1926 Anno.); (3) Costs, Key-No. 260(4), 15 C. J. Sec. 692.