[Civil No. 2676. Filed March 5, 1928.]

[265 Pac. 90.]

# CHERRY'S INCORPORATED, Appellant, v. C. C. SHARPENSTEEN, Appellee.

Messrs. Robertson & Campbell, for Appellant.

Mr. J. Fred Hoover, for Appellee.

ROSS, C. J.—Cherry's Incorporated brought this action of replevin against defendant, Sharpensteen, to recover the possession or value of a Hudson automobile. It appears that at Los Angeles, California, on October 6th, 1925, one Rose Moore bought the automobile from the J. K. Fonk Finance Company, on a contract conditioned that the title should remain in the seller until the purchase price of $990 was fully paid, such sum to be paid in monthly installments extending over a considerable period of time. On the same date the seller sold, assigned and transferred all its right, title and interest in and to the conditional contract of sale, and in and to all moneys due thereunder, and in and to the automobile, to Cherry's Incorporated. The California law with reference to the registration of transfers of title of motor vehicles was complied with by filing the Rose Moore certificate of ownership with the division of motor vehicles.

Early in January of 1926 Rose Moore was driving the car from Los Angeles, California, to Yuma, Arizona, and when near the boundary line between the two states the car was turned over and damaged. By her direction it was towed into Yuma, Arizona, and left for repairs at defendant Sharpensteen's garage. The bill for repairs was $491.90, which has not been paid. Mrs. Moore and her husband remained in Yuma, and the car was used by them when and as they pleased, but when not in use was stored at defendant's garage.

The monthly payments of November and December, 1925, on the purchase price were made, but no other payments were made.

The plaintiff first learned that the car was in Yuma on May 2d, 1926, and on May 5th brought this action. It filed the conditional sales contract for record in Yuma county, Arizona, on May 11th, 1926.

In his answer the defendant claimed a lien against the automobile for repairs in the sum of $491.90, also that he was the owner thereof, the latter claim being based, as the offered evidence discloses, upon a foreclosure sale under his claim of lien. The last defense, however, was ruled out of the case on the ground that the proceedings thereunder were not in conformity with law.

The case was tried to a jury, and at the close of the evidence plaintiff moved for a directed verdict. The motion was denied, and the questions as to whether the plaintiff or the defendant was the owner of the car and its value were submitted under instructions to the jury. Those questions were by the jury's verdict answered in favor of defendant, whereupon judgment for the value of the car, fixed by the jury at $500, was duly entered against plaintiff and the surety upon the replevin bond. The plaintiff appeals, and, while several errors are assigned, we think they can all be disposed of under the assignment based upon the court's refusal to grant plaintiff's motion for a directed verdict.

It is obvious defendant was not entitled to a verdict or judgment for the value of the car on the theory that it was his property, there being no evidence whatever showing, or tending to show, defendant was its owner. Such issue was expressly taken from the jury by the court in its instructions. The verdict of the jury, to the effect that the defendant was the owner of the car, can only be accounted for on the ground that one of the forms of

verdict handed to the jury permitted such a finding. If the defendant was entitled to anything, it was a lien for the repairs and the right of possession until the lien was discharged. At the time the motion for directed verdict was made, by the ruling of the court and by the evidence all other questions were eliminated. At that time the question was whether the buyer of an automobile, on a conditional sales contract providing that the title should remain in the seller, had authority or power to contract with the garageman for the repairing of the automobile and subject the property to a lien for such repairs. The law governing in such matters is found in paragraph 3672, Civil Code of 1913, as amended by chapter 62, Laws of 1925, and, so far as material, reads as follows:

" . . . And proprietors of garages, repair and service stations shall have a like lien upon all automobiles and motor vehicles of every kind, and upon all parts thereof, and machinery and accessories, placed with them, for labor, materials, repairs, additions, supplies, and storage, for the amount of all such charges against the same, when the cost of said charges shall have been agreed to by the person or persons furnishing same, *and the person owning the car* receiving same; provided, that the foregoing lien shall not impair any other lien, chattel mortgage, or conditional sale, of record, at the time the labor, materials, repairs, additions, supplies and storage were commenced to be furnished." (Italics ours.)

Cherry's Incorporated did not know that defendant had repaired the car and did not know that it had been removed from California to Arizona, for some four months after these things had happened. There is an entire absence of any showing that the repairman and the owner of the car had any agreement, either before or after the repairs were made, or at all, as to their cost. Moore was not the owner of the car and under the terms of her agreement would not be until the purchase price was paid.

The repairman's right to a lien for material and work upon an automobile at the request of a conditional buyer is dependent upon the terms of the statute. Some of the statutes are construed as giving the purchaser under a conditional sales contract implied authority to have the car repaired, and under such statutes the repairman's lien may be enforced as against the owner. But where the statute provides that the repairman may have a lien for his material and labor only when employed by the owner of the automobile, such statutes are construed to require the consent of the owner. Of course, it is noticeable that there is a wide difference between the two kinds of statutes.

In *Cache Auto Co.* v. *Central Garage,* 63 Utah 10, 30 A. L. R. 1217, 221 Pac. 862, the decisions and lien statutes are collated and reviewed, and therein it is shown that the lien of the repairman is or is not allowed according as the terms of the statute provide. In Utah, as shown, it is provided that a lien may be had by the repairman for labor bestowed at the request of the owner of the property, and it is there held that the conditional vendee of an automobile has no authority to encumber the property unless the vendor consents thereto. In the states where the statute is as in Utah, the rule seems to be uniform that the conditional vendee cannot encumber the property without the consent of the owner. Those cases wherein the holding is that the conditional vendee may encumber the property are under statutes that either impliedly or expressly authorize the conditional owner to contract for such repairs. The question here is under which class of statutes ours falls. While our statute provides that the repairs and the cost thereof shall be "agreed to by . . . the person owning the car," we are satisfied from the context the legal owner is not the owner referred to, but rather the person with the *indicia* of title and in

the lawful possession of the automobile. The purpose expressed in the proviso is not to protect the seller, or his assigns, against liens for repairs made at his or their request, but to protect such seller, or his assigns, against liens for repairs made at the instance of the person in possession, and also to protect third persons who may have prior liens or chattel mortgages of record at the time repairs are made. The defendant, Sharpensteen, therefore, having made the repairs upon the Hudson automobile at the request of the conditional purchaser, Moore, is entitled to a lien thereon for such repairs, but such lien is inferior to and may not "impair" the rights of Cherry's Incorporated as owner, if its conditional contract of sale to Moore was of record in Yuma county, or the facts excused its not being recorded at the time the repairs were made.

Under the Uniform Conditional Sales Act (chap. 40, Laws 1919) it is provided that when prior to the performance of the condition the buyer of personal property removes it from another state into Arizona, and the contract, or a copy thereof, is not on file in the county into which it is removed, the reservation of the property in the seller shall be void as to purchasers and creditors without notice, unless the conditional sales contract, or a copy thereof, shall be filed in the Arizona county, to which such property is removed, within ten days after the seller has received notice of such removal into such county. In *Bradshaw* v. *Kleiber Motor Truck Co.*, 29 Ariz. 293, 241 Pac. 305, we held that the effect of such provision was to defeat an attachment lien levied upon the truck before the expiration of the ten days, for filing contract in Mohave county, after notice of its being removed from California to such county. The statute (par. 3672, as amended, *supra*) providing for a lien to a repairman, did not intend to ignore the Uniform Conditional Sales Act, for

therein the rights under a "conditional sale" are expressly referred to and preserved as against such lien, if the evidence of such sale be of record when the repairs are made. We take it from this that it was intended that the seller, or his assigns, were not to be prejudiced if the contract of sale, or a copy thereof, were filed in the recording district to which the property was removed within ten days after notice of such removal. Such record was made in this case. Hence defendant must be held to have had notice of the conditional sales contract under which Moore held the automobile at the time he repaired it, and therefore his lien could not impair the contract rights of the seller, or his assignee, Cherry's Incorporated.

Under the pleadings and the evidence the motion of plaintiff for an instructed verdict should have been granted.

We also think the court was in error in holding that paragraph 3673, Civil Code, governed defendant's rights rather than paragraph 3672, as amended, *supra*. The former is a general statute providing for liens on personal property, whereas, as we have seen, the latter is not only a later legislative expression, but directly by name provides for liens of repairmen on "automobiles and motor vehicles," and repeals all acts and parts of acts in conflict therewith.

As is said in *Felt* v. *Felt*, 19 Wis. 193:

" . . . It is a well-settled rule of construction, that specific provisions relating to a particular subject must govern in respect to that subject, as against general provisions in other parts of the law, which might otherwise be broad enough to include it."

The precise point has been determined in the following cases: *Nettles* v. *Carson*, 77 Okl. 219, 187 Pac. 799; *Greer* v. *Bird*, 93 Okl. 246, 220 Pac. 579.

The judgment of the lower court is reversed and the cause remanded, with directions to enter judgment in favor of the plaintiff.

LOCKWOOD and McALISTER, JJ., concur.