455 P.2d 294

**Alan P. BAYHAM, Appellant,**

v.

**William C. FIELDS, dba Gasoline Alley Garage, Appellee.**

**No. I CA–CIV 864.**

Court of Appeals of Arizona.
June 9, 1969.

Rehearing Denied July 7, 1969.
Review Denied Sept. 30, 1969.

Alan P. Bayham, Phoenix, for appellant.
Walter F. Kessler, Phoenix, for appellee.

KRUCKER, Judge.

Appellant, Alan P. Bayham, plaintiff below, replevied a trailer from appellee, William C. Fields, defendant below. Defendant counterclaimed for his storage charges for holding the vehicle pursuant to a sheriff's attachment. Plaintiff then filed a motion for summary judgment. He filed no reply to the counterclaim. Default on the counterclaim was subsequently entered. No motion to set this aside was made. The case was tried to the court without a jury and resulted in a judgment, on March 15, 1968, against the plaintiff and in favor of the counterclaimant, William Fields, for storage charges in the sum of $1,018.16, interests and costs. Plaintiff appeals.

Briefly stated, the facts are as follows. An individual named Bobbie Keith Moncrief was the owner of a Tempte grainbed trailer allegedly valued at $3,500. The trailer, attached by the sheriff of Maricopa County in another action brought against Moncrief, was stored by the sheriff with defendant Fields, who was properly licensed and authorized as a towing and storage service. The plaintiff purchased the vehicle from Moncrief and received certificate of title to the vehicle through the Arizona Highway Department on July 19, 1967. On July 26, 1967, the litigation in

which Moncrief was a party and upon which the above attachment had previously issued, was dismissed with prejudice and the attachment was quashed. Plaintiff asked the defendant for the vehicle previously attached, but the defendant refused to give it up without payment of the accrued storage fees. Defendant then, after plaintiff's replevin suit was filed, counterclaimed for storage fees totaling $1,018.16.

The plaintiff argues that the judgment below is erroneous because (1) a bona fide purchaser for value has a priority over a garagemen's lien for storage, and (2) the owner of this vehicle never agreed to the amount of this garageman's claim.

■■ The first question presented we believe can be answered summarily. Gen-erally speaking, although a vehicle lien is unrecorded, if it is possessory and inconsistent with ownership, it puts the new purchaser on constructive notice·that someone else has a claim to the property in dispute. Dize v. Beacham, 81 Md. 603, 32 A. 243 (1895); *see also*, Roy & Titcomb, Inc. v. Villa, 37 Ariz. 574, 296 P. 260 (1931); Maricopa Utilities Co. v. Cline, 60 Ariz. 209, 134 P.2d 156 (1943). Here the garageman had diligently retained possession of the trailer for many months, and plaintiff, the new owner, cannot assert he had no notice of the garageman's claim.[1]

■■ The second contention, i. e., lack of the owner's consent to the storage charges, poses an interesting question under the Arizona statute.[2]

1. 9 A.R.S. § 28–325 *impliedly indicates a possessory lien is assertable against a subsequent purchaser notwithstanding registration is required of other lien holders.*

2. 11 A.R.S. § 33–1022 provides as follows:
"A. Proprietors of public stables shall have a lien on all animals placed with them for feed or care and upon vehicles or other equipment placed in their care for the amount of the charges against them.
"B. *Proprietors of garages*, repair and service stations *shall have a lien* upon motor vehicles of every kind, and the parts and accessories placed thereon, for labor, materials, supplies and storage for the amount of the charges, *when the amount of the charges is agreed to by the proprietor and the owner.* (Emphasis supplied)
Appellant contends that the sheriff had no authority to create a lien in the garageman for storage simply by use of the writ of attachment. The present owner claims the original owner did not agree to the charges.
The right to a lien for storage costs did not exist at common law. The existence of such a lien is strictly statutory and being in derogation of common law, such a right is entirely conditional on the statutory wording. Richardson v. Ainsa, 11 Ariz. 359, 95 P. 103, affirmed 218 U.S. 289, 31 S.Ct. 23, 54 L.Ed. 1044 (1908).
Early in Arizona the wording of this statute which requires the owners' consent came into dispute. In Cherry's Incorporated v. Sharpensteen, 33 Ariz. 342, 265

P. 90 (1928), the court held that a conditional buyer of an automobile could authorize the lien as he had indicia of title and lawful possession, despite the fact that the seller still held actual paper title to the car.
In the instant case, it is the sheriff who has attempted to authorize the lien and his interest, while one of lawful possession, contains no indicia of title. *See*, Bentinck v. Menotti, 97 Cal.App. 412, 275 P. 850 (1929); 23 Cal.Jur.2d Garages, Parking Stations, and Liveries § 7; 7 C.J.S. Attachment § 256, 433. In Roehl Storage Co. v. Wilson, 268 Mich. 691, 256 N.W. 598, 95 A.L.R. 1525 (1934), Michigan faced a similar problem with a statute that authorized only "the owner thereof or * * * any person with the owner or owners' knowledge or assent" to create the storage lien. Two oriental rugs had been attached by the sheriff and left in plaintiff's custody. The suit thereunder was dismissed for want of prosecution and the owner meanwhile died. The rugs were mothproofed and cared for, and plaintiff eventually sought payment from the administrator of the owner's estate. The court discussed the benefit which the owner had received from the care of his goods and felt equitable considerations favored compensation. It held, however, that the court could not go beyond the language of the statute and that the legislature had to provide for compensation under such circumstances.
We find other related wordings of lien statutes, but none quite as close to that of the Arizona statute as in *Roehl*, su-

However, we feel compelled to affirm this decision and avoid deciding whether the agreement of the owner to the charge must always be obtained in order to have a garageman's lien. No transcript of the hearing was presented to this court. We see no indication that the issue of lack of the owner's consent was argued or presented to the trial judge. It is even difficult to say with certainty that the judgment entered was on the merits, as the entry of default stood unassaulted at the time of trial. We do not believe it is proper to base a reversal upon contentions presented for the first time on appeal. Application of Buccheri, 6 Ariz.App. 196, 431 P.2d 91 (1967); State v. Brown, 9 Ariz. App. 323, 451 P.2d 901 (1969).

Judgment affirmed.

MOLLOY and HATHAWAY, JJ., concur.

Note: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

pra. Utah's statute authorizes the owner or person entitled to possession to generate the lien. Tennessee allows a lien for all reasonable fees from storage. Washington very recently enacted a statute expressly allowing a sheriff to generate the lien by attachment.