596 P.2d 737

**Maria G. FITZHUGH, Plaintiff/Appellant,**

**v.**

**The CITY OF DOUGLAS, Arizona, a municipal corporation, Defendant/Appellee.**

**No. 2 CA–CIV 3072.**

Court of Appeals of Arizona, Division 2.

June 11, 1979.

Lerma & Teran, P. C., by Ruben Teran S., Douglas, for plaintiff/appellant.

Kerley & Defrancesco by James K. Kerley, Bisbee, for defendant/appellee.

OPINION

HOWARD, Judge.

The issue in this case is whether the City of Douglas was entitled to a lien for storing appellant's automobile which was seized in a narcotics case.

On November 11, 1976, the vehicle owned by appellant entered Douglas at the port of entry from Mexico and was left at a restau-

rant. The Douglas police found marijuana debris in the vehicle and seized it, pursuant to A.R.S. Sec. 36–1042. The vehicle was stored in the municipal storage lot at the request of the Douglas police. The City of Douglas filed a "Petition in Forfeiture" on December 8, 1976. On December 10, 1976, the city filed a "Notice of Seizure and Intention to Forfeit" pursuant to A.R.S. Sec. 36–1043 which appellant received on December 27, 1976. After some procedural irregularities occasioned by appellant's failure to hire an attorney to answer the notice of seizure appellant was permitted to file an amended answer and counterclaim.

On July 8, 1977, pursuant to the city's own motion, the petition in forfeiture was dismissed on the grounds that the city had no evidence that appellant knew her automobile was or had been used in criminal activity. After this dismissal appellant made several verbal demands and one written demand on the City of Douglas for release of her automobile. The City of Douglas refused to release it until she paid storage fees of $2 per day from the date of seizure to the date of release of the automobile. This refusal resulted in the institution of this action for damages and for the return of her automobile.

After the issues were joined, appellant filed a motion for summary judgment on the issue of liability. The city opposed this motion and filed a cross-motion for summary judgment contending it had a valid warehouseman's lien. The trial court, following the dissent in *Fields v. Steyaert,* 21 Ariz.App. 30, 515 P.2d 57 (1973), denied appellant's motion and granted the city's motion. It awarded the city $2 per day from November 11, 1976, through December 28, 1976, as storage charges and declared that the city did not have to surrender possession to appellant until she paid this amount. The trial court erred in so doing. *Fields v. Steyaert,* supra, is the law in Arizona. In *Fields,* the majority held that proprietors of garages, repair and service stations do not have a lien for storage charges under A.R.S. Sec. 33–1022(B) unless the amount of the charges is agreed to by the proprietor and the owner. There was no such agreement here.

The trial court also apparently believed there was a common law warehouseman's lien which entitled the city to keep the automobile until the storage charges were paid. The trial court was incorrect in this conclusion. The right to a lien for storage costs did not exist at common law. The existence of such a lien is strictly statutory and, being in derogation of the common law, such a right is entirely conditional on the statutory wording. *Richardson v. Ainsa,* 11 Ariz. 359, 95 P. 103 (1908), aff'd, 218 U.S. 289, 31 S.Ct. 23, 54 L.Ed. 1044 (1910); see also, *Bayham v. Fields,* 10 Ariz. App. 7, 455 P.2d 294 (1969). As for the storage charges which the court awarded, we find no authority under A.R.S. Secs. 36–1041 et seq. which would authorize the collection of such a charge. A.R.S. Sec. 36–1047(B) states that if the court finds the vehicle was not used to transport or conceal narcotics and that the occupant was not in possession of narcotics, it shall release the vehicle to the owner. There is no mention of storage charges. Although no such finding was made here, the result is the same and no storage charges were authorized. Furthermore, even though there was an implied bailment,[1] the city was not entitled to storage charges because of this legal relationship since appellant did not place the car in the municipal storage lot nor assume any liability for its storage. There was no privity of contract whatsoever between appellant and the city. *Pollard v. Borneman,* 47 S.D. 622, 201 N.W. 525 (1924).

The judgment in favor of the appellee is reversed and the matter is remanded for further proceedings.

RICHMOND, C. J., and HATHAWAY, J., concur.

---

1. See 8 Am.Jur.2d, Bailments, Secs. 52 and 53 (1963).