NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DAVID NOVAK, *Plaintiff/Appellant*,

*v.*

THE TOWN OF FOUNTAIN HILLS, *Defendant/Appellee*.

No. 1 CA-CV 19-0412
FILED 2-18-2020

Appeal from the Superior Court in Maricopa County
No.  CV2018-056521
The Honorable Cynthia Bailey, Judge

**AFFIRMED**

COUNSEL

David Novak, Fountain Hills
*Plaintiff/Appellant*

The Doyle Firm, P.C., Phoenix
By William H. Doyle, Brandon Millam
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which
Presiding Judge Michael J. Brown and Judge D. Steven Williams joined.

**J O N E S**, Judge:

**¶1**        David Novak appeals the dismissal of his complaint for declaratory judgment against the Town of Fountain Hills (the Town).  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**        In December 2018, Novak filed a complaint seeking a judgment declaring him exempt from Fountain Hills Town Code (Code) § 12-3-9(C),[1]  http://fountainhills.town.codes/TC/12-3-9, restricting the number of vehicles permitted to be parked outside a single-family dwelling.  Code § 12-3-9(C) provides: "The maximum number of vehicles permitted to be parked outside of an enclosed garage in a single-family dwelling within a residentially zoned area shall be one for each 750 square feet of livable area of a residence, as specified in the Maricopa County Assessor's records."  Applying this calculation, Novak is permitted to park a maximum of three vehicles on the driveway outside his residence in Fountain Hills.

**¶3**        Within his complaint, Novak alleged he had been parking six vehicles on the driveway for five years before Code § 12-3-9(C) was adopted in June 2017 and should be "grandfathered in" to the circumstances existing when the property was purchased, when there were no parking restrictions. The trial court granted the Town's motion to dismiss for failure to state a claim, and Novak timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶4**        Novak argues the trial court erred in dismissing his complaint because he has "an absolute lawful right to obtain a declaratory judgement on his established rights to the grandfathered useage [sic] of the property." (Emphasis omitted).[2]  We review an order dismissing a complaint for failure to state a claim *de novo* and will affirm if the plaintiff would not, as a matter of law, be entitled to relief "under any interpretation of the facts

---

[1]        Absent material changes from the relevant date, we cite the current version of statutes and regulations.

[2]        For purposes of this decision, we assume without deciding that Novak, the occupant of property he does not own, has standing to assert the claim.

susceptible of proof." *Coleman v. City of Mesa*, 230 Ariz. 352, 355-56, ¶¶ 7-8 (2012) (citing *Fid. Sec. Life Ins. v. State Dep't of Ins.*, 191 Ariz. 222, 224, ¶ 4 (1998)).

¶5        The "grandfathered rights" Novak relies upon arise from A.R.S. § 9-462.02(A), which states in relevant part:  "Nothing in an ordinance or regulation authorized by this article [governing municipal zoning] shall affect existing property or the right to its continued use for the purpose used at the time the ordinance or regulation takes effect." *See also Stagecoach Trails MHC, L.L.C. v. City of Benson*, 232 Ariz. 562, 565, ¶ 8 (App. 2013).  Novak argues the Town is prohibited from enforcing Code § 12-3-9(C) because it affects his existing practice of parking six vehicles on the driveway.

¶6        But A.R.S. § 9-462.02(A) does not prohibit a municipality from passing *any* regulation that has *any* physical effect on a property. *Watanabe v. City of Phx.*, 140 Ariz. 575, 578 (App. 1984).  By its terms, A.R.S. § 9-462.02(A) only prohibits retroactive application of a zoning ordinance.  It does not prohibit enforcement of a non-zoning ordinance, adopted pursuant to the municipality's general police power to protect the public health, safety, and welfare. *Watanabe*, 140 Ariz. at 577-78.

¶7        At its most basic level, a zoning ordinance is a law that governs land use. *See* A.R.S. § 9-462(A)(5) (defining a "zoning ordinance" as "a municipal ordinance regulating the use of the land or structures, or both"); *Outdoor Sys., Inc. v. City of Mesa*, 169 Ariz. 301, 309 (1991) ("Zoning is fundamentally the control of *land* use."); *Black's Law Dictionary* (11th ed. 2019) (defining "zoning ordinance" as "[a] city ordinance that regulates the use to which land within various parts of the city may be put").  Although the term "land use" may, to the layman, encompass the placement of specific items of personal property in specific places, as Novak contends, "[t]echnical words and phrases and those which have acquired a peculiar and appropriate meaning in the law shall be construed according to such peculiar and appropriate meaning."  A.R.S. § 1-213.

¶8        In the context of municipal zoning, the existing land use that is entitled to protection under A.R.S. § 9-462.02(A) is the "utilization of [a] premises so that [it] may be known in the neighborhood as being employed for a given purpose." *Watanabe*, 140 Ariz. at 578 (quoting *Kubby v. Hammond*, 68 Ariz. 17, 24 (1948)); *cf.* A.R.S. § 12-1136(3) (defining a "land use law" as a law that "regulates the use or division of land or any interest in the land").  Thus, for purposes of A.R.S. § 9-462.02(A), a zoning ordinance is one that governs the purpose for which the land may be used — for

example, for agricultural, residential, industrial, commercial, or other purposes.

¶9            We agree with the Town that the parking restriction, contained within the Town's traffic code in a chapter titled "Parking," does not purport to regulate land use; it simply defines the locations where vehicles may be placed upon the property. *See Whiteco Outdoor Advert. v. City of Tucson*, 193 Ariz. 314, 318, ¶ 12 (App. 1998) (concluding that a municipal ordinance governing the placement of lighting fixtures was not a zoning ordinance subject to A.R.S. § 9-462.02(A) because the protected use of the landowner's property was to "use . . . illuminated outdoor advertising structures and the surrounding land on which they sit, not the mounting or location of lighting fixtures that provide the billboard illumination") (citing *Outdoor Sys.*, 169 Ariz. at 309-10). Novak has no "inherent or vested right in the continuation of a particular manner of parking automobiles on [the] property." *Gear v. City of Phx.*, 93 Ariz. 260, 264 (1963); *see also City of Phx. v. Garretson*, 234 Ariz. 332, 336, ¶ 15 (2014) (noting the institution of parking regulations are a routine exercise of municipal police power that do not result in compensable harm to landowners) (citing *State ex rel. Herman v. Schaffer*, 105 Ariz. 478, 483 (1970)). Nor does the parking restriction in Code § 12-3-9(C) affect the continued existing use of Novak's property as zoned — that is, for a single-family residence. *See Watanabe*, 140 Ariz. at 578 (concluding that a municipal ordinance requiring a parking lot be paved "has no effect on the existing nonconforming uses of the subject properties as they are known in the neighborhood, that is, as retail stands or manufacturing premises"); *cf. Gear*, 93 Ariz. at 262, 264 (concluding a municipal ordinance requiring curbs and driveways that effectively eliminated two parking spaces did not constitute a serious interference with the owner's right to use his property).

¶10          Because Code § 12-3-9(C) is not a zoning ordinance regulating land use, the "grandfathered rights" identified in A.R.S. § 9-462.02(A) do not apply. Novak cites no other authority suggesting he is exempt from application of the Town's traffic and parking regulations. Accordingly, his complaint fails to state a claim for relief.

¶11          Novak also argues the trial court judge did not act fairly and impartially in the disposition of this matter. Nothing in the record suggests the judge was biased, had a conflict of interest, or was otherwise unable to render fair judgment; nor did our review reveal any irregularity in the proceedings or misapplication of law.

## CONCLUSION

¶12      The trial court's order dismissing Novak's complaint for declaratory judgment is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA