WEMBACH CORPORATION, Respondent, *v.* THE EMIGRANT INDUSTRIAL SAVINGS BANK, Appellant, Impleaded with HENRY ZELTNER, as Receiver, Defendant.

First Department, May 8, 1942.

*John E. McAniff* of counsel [*Lester T. O'Connor* with him on the brief; *Joseph H. Praetz*, attorney], for the appellant.

*Irving Payson Zinbarg*, for the respondent.

CALLAHAN, J. The complaint herein purports to set forth two causes of action. Plaintiff claims that the first sounds in trespass, and the second in conversion. Special Term designated the first cause of action one for conversion, and the second one for damages for the wrongful detention of personal property.

Irrespective of the proper nomenclature to be applied, we think that neither of the causes pleaded is sufficient to constitute a cause of action.

The facts set forth in the first cause of action are as follows: that plaintiff, a domestic corporation, was the owner and entitled to immediate possession of certain furnishings contained in a residence club situated at 100 Morningside drive, New York city, in which premises furnished rooms and apartments were rented for occupancy; that the defendant bank, in an action to foreclose a mortgage which it held on the realty and fixtures, had the defendant Zeltner appointed receiver by order entered in the Supreme Court, New York County, on April 12, 1941; that the receiver took into his possession said premises, and that the bank, with intent to exercise dominion and control over the personal property of the plaintiff and to exclude plaintiff from possession thereof, caused and directed the receiver to intermeddle with and seize the said furnishings which were not covered by the mortgage, and thereby unlawfully deprived the plaintiff of the possession of its chattels.

It is then averred that the unlawful dispossession above mentioned was done at the direction of the bank to the receiver, and that, although plaintiff demanded the return of the furnishings, the bank informed the receiver that the property was included in the mortgage and directed the receiver to retain the same, so as to enable the receiver to collect rent from the property to be applied toward payment of the mortgage.

The second cause of action repeats the basic facts of the first cause of action, and asserts that a conversion of the property for the use of the bank took place, and alleges a wrongful detention thereof. It avers that the bank exercised dominion and control by informing the receiver that the furnishings were included in the mortgage, and directing him to seize and hold the same to the use and benefit of the bank. Demand for the return of the chattels and refusal thereof are also alleged. Plaintiff demands $40,000 damages on each cause of action.

We find that neither of the causes of action sufficiently alleges a conversion or trespass by the defendant bank. There is no allegation that the property ever came into possession of the bank, nor are sufficient facts shown to support a claim that said defendant exercised dominion or control over such property.

The complaint confines the claim of an unlawful exercise of dominion solely to directions given by the bank to the receiver based on the bank's interpretation of its mortgage. The property seized by the receiver was *in custodia legis*. Whatever the receiver took into his possession he took as an officer of the Supreme Court. It is clear that the receiver was not the agent of the bank under the circumstances. He was acting for the court and not the parties

to the foreclosure action. (High on Receivers [4th ed.], p. 208.) Furthermore, in this State, when a receiver possesses himself of property under an order of a court, supervision and control of his actions may be made the occasion for summary directions by the court which appointed him. (*3105 Grand Corp.* v. *City of New York*, 259 App. Div. 354.) Thus plaintiff herein might have obtained summary return of its chattels, but apparently did not seek such relief. Under such circumstances it may be that damages for continued detention of the chattels would not be recoverable even as against the receiver.

An appointee of a court directed to take property belonging to an estate into his possession does not exercise unlawful dominion merely because he temporarily takes into custody some property belonging to a third person which he finds commingled with the property of the estate, especially where such detention continues only until the third person establishes title. (*Bradley* v. *Roe*, 282 N. Y. 525.) On the other hand, property not covered by a mortgage or the order of appointment does not pass to a receiver in foreclosure proceedings, and he would have no right to improperly detain such property. (*Corn Exchange Bank of Chicago* v. *Blye*, 101 N. Y. 303.) But even if we assume that the receiver herein unlawfully detained plaintiff's property and that his acts amounted to a conversion, it does not follow that the defendant bank would be liable for such conversion. While it is true that every one is liable for conversion who personally, or by a duly constituted agent, commits an act of conversion, or who participates by aiding the converter (*Passaic Falls T. Co.* v. *Villeneuve-Pohl Corp.*, 169 App. Div. 727), in this case, as we have already pointed out, the receiver was not the bank's agent, but an officer of the court who was not subject to the direction of the parties. Merely to allege that the bank " directed " the receiver to take property outside of the mortgage, and to limit such claim of " direction " by the allegation that the bank advised the receiver that such property was covered by the mortgage, does not show an unlawful exercise of dominion for it does not allege facts showing that the receiver was the bank's agent. Whether the furnishings of the hotel were covered by the personal property clause in the mortgage was a question of law depending on a construction of the contract, and the allegations in the present complaint amount to no more than a statement that the bank incorrectly advised the receiver concerning the law. But it was not the province of the bank to interpret the mortgage or to advise the receiver concerning the law. Accordingly the statement as pleaded in the complaint that the receiver acted pursuant to the bank's directions, is merely a legal conclusion. In making

suggestions to the receiver to seize the furnishings involved, or in refusing to return something which was not in its possession, no dominion was exercised by the bank, for the property was not under its control. Mere verbal assertion of the right to possession will not be deemed an unlawful exercise of dominion, unless the words are uttered under such circumstances as to indicate an intention to control possession, and are coupled with an apparent ability to do so. As was said in *Gillet* v. *Roberts* (57 N. Y. 28, at p. 32):: " No cases have yet gone so far as to hold that mere words, under such circumstances, could constitute a conversion."

A demand on one not in possession of property does not make the failure to deliver to the true owner conversion, in the absence of any wrongful exercise of dominion by the one on whom the demand was made. (*Industrial & General Trust* v. *Tod,* 170 N. Y. 233; *Suzuki* v. *Small,* 214 App. Div. 541.)

The reasons which we have indicated for holding the plea of conversion insufficient also make the complaint insufficient to support an action for common-law trespass.

The order should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint granted.

MARTIN, P. J., UNTERMYER, DORE and COHN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted.