First Finance Company, Plaintiff-Appellee, v. Hugh Ross and Margaret M. Ross, Individually and d/b/a Triangle Refrigeration Engineers, Defendants-Appellants.

Gen. No. 51,218.

First District, Fourth Division.

October 7, 1966.

Carl J. Greenberg, of Chicago, for appellants.

Masor, Baime & Gainer, of Chicago, for appellee.

MR. PRESIDING JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal from the denial of defendants' post-trial motion either (1) that judgment in favor of the plaintiff be vacated and judgment be entered for the defendants, or (2) that a new trial be granted.[1]

After a bench trial the defendants were found to have converted plaintiff's property and judgment was entered in the amount of $12,000 plus costs. In addition, the court made a special finding that malice was the gist of the action against one of the defendants, Hugh Ross.

---

[1] Defendants have also filed an appeal, 75 Ill App2d 402, from the denial of their petition for a new trial under section 72 of the Civil Practice Act (Ill Rev Stats, 1963, c 110, § 72) in which they allege that the testimony of plaintiff's sole witness was perjured.

Defendants' appeal was dismissed (First Finance Co. v. Ross, 64 Ill App2d 474, 211 NE2d 588) but their petition for leave to appeal was granted.

According to the relevant evidence adduced at the trial by plaintiff, the defendants were engaged in the appliance business, doing business as Triangle Refrigeration Engineers; they sold various appliances to retail establishments by conditional sale contracts; the contracts were then discounted to the plaintiff with recourse; subsequently various purchasers of appliances under the aforesaid conditional sale contracts were in default and plaintiff looked to the defendants for recourse. Defendants agreed to pay the amounts due under these contracts and executed a promissory note therefor on December 29, 1959, in the amount of $16,487. At that time the parties executed a document designated as a "trust receipt" which provides in relevant part that:

> The Undersigned [referring to defendants] hereby acknowledges receipt this date from you of the property, hereinafter called "Trust Property" (as per List attached) and which is part of the collateral covering a certain promissory Note held by you . . . .

> The undersigned agrees as follows:

> . . . . . .

> 3. That . . . upon . . . demand the undersigned will:

>> a. Return the Trust Property to said First Finance Company, or
>> b. Account to said First Finance Company for the proceeds thereof . . . .

It is undisputed that plaintiff retained the conditional sale contracts. Subsequently the defendants defaulted upon their payments under the promissory note and plain-

tiff demanded the return of the "trust property," to which the defendants replied that they had no knowledge of the location thereof.

■■■ Plaintiff has the burden of proving all of the elements necessary to constitute a conversion. Ritz-Central Motors, Inc. v. Vanderwoude, 5 Ill App2d 231, 124 NE2d 662. The essence of a conversion is the wrongful deprivation of possession to one entitled to possession. Donn v. Auto Dealers Inv. Co., 318 Ill App 95, 47 NE2d 568. However, a demand on one not in possession of property does not make the failure to deliver to the true owner conversion, in the absence of any wrongful exercise of dominion by the one on whom the demand was made. Wembach Corp. v. Emigrant Industrial Sav. Bank, 264 App Div 161, 34 NYS2d 688. In the instant case the provision in the so-called trust receipt to the effect that defendants acknowledged receipt of the property in question is purely legal fiction. There is no evidence that plaintiff had possession of the appliances at the time of the execution of the aforesaid document. Therefore possession of the appliances could not have been transferred by it to the defendants at that time. Nor is there evidence that defendants possessed the appliances at the time of or subsequent to the execution of the "trust receipt." Although plaintiff's witness testified that he saw various appliances in the defendants' warehouse prior to December 29, there is no evidence that defendants had actual possession of any of the appliances on December 29 (the date of execution of the "trust receipt") or at the time demand was made therefor by the plaintiff or at any time in the interim.

We would also point out that the list attached to the "trust receipt" showed that some of the property in question was located at the addresses of buyers under the conditional sale contracts. It also referred generally to property in other conditional sale contracts, de-

scribing the seller, purchaser and date of purchase. Additionally, all of the conditional sale contracts were retained by plaintiff after execution of the "trust receipt"; all of them specified the names and addresses of the purchasers of the appliances sold thereunder; and there is no evidence that the appliances were removed therefrom by, or at the direction of, defendants.

A judgment of conversion cannot be predicated upon a legal fiction which is rebutted by the evidence. There is no evidence that the defendants wrongfully exercised dominion over the appliances in question. Therefore the judgment of the trial court is reversed.

Judgment reversed.

ENGLISH and McCORMICK, JJ., concur.