CANDLER, APPELLEE, *v.* ASH, APPELLANT.

[Cite as Candler v. Ash (1976), 53 Ohio App. 2d 134.]

(No. S-75-25—Decided May 14, 1976.)

*Mr. Harry A. Sargeant, Jr.*, for appellee.
*Ms. Margaret K. Weaver*, for appellant.

Brown, P. J. This appeal by defendant-appellant is from a final judgment of the Fremont Municipal Court on the pleadings in favor of plaintiff-appellee in the sum of one hundred dollars compensatory damages and five hundred dollars punitive damages.

A Fremont police officer had defendant, who operates a garage and body shop, tow plaintiff's automobile from the scene of an accident. Plaintiff alleged a tort claim of conversion of personal property, that defendant wrongfully refused to return and deliver possession of the automobile to plaintiff, and sought one thousand dollars compensatory damages and five thousand dollars punitive damages. Defendant alleged in his cross-complaint that plaintiff owed him for towing and storage charges for the automobile. The storage charge was a total of ninety three dollars, at three dollars per day.

Defendant made no repairs to the automobile. The automobile was stored outside a building, in a fenced area patrolled by dogs.

Defendant contends he is not liable to plaintiff because defendant had a right to refuse to deliver the automobile to plaintiff until the towing and storage charges were paid in accordance with a possessory warehouseman's lien, pursuant to R. C. 1307.14. We disagree.

The judgment of the trial court is based solely on the pleadings. There is no allegation in the pleadings that defendant is a warehouseman—that is, a person engaged in the business of storing goods for hire.

Defendant's claimed right to a warehouseman's lien is predicated upon R. C. 1307.14(A). The pertinent part thereof provides:

"A warehouseman has a lien against the bailor on the goods covered by a warehouse receipt or on the proceeds thereof in his possession for charges for storage or transportation * * *."

Pertinent to the application of R. C. 1307.14(A) to the facts in this case is R. C. 1307.01(A)(8), which defines "warehouseman" as follows:

" 'Warehouseman' is a person engaged in the business of storing goods for him [sic] [hire?]."

"Warehouseman" is also defined in Black's Law Dictionary (4th ed. 1968) as:

"One engaged in business of receiving and storing goods of others for compensation or profit; person who receives goods and merchandise to be stored in his warehouse for hire; one who, as a business and for hire, keeps and stores goods of others."

By the foregoing definition of a "warehouseman," defendant was not a warehouseman under the facts contained in the pleadings of this case. Defendant was only a garage keeper. A repairman or garage keeper has no lien for storage. *Burns Motor Company* v. *Briggs* (1928), 27 Ohio App. 80; *Lewis* v. *Best-By-Test Garage* (1925), 200 Iowa 1051, 205 N. W. 983; *Cf. Gulf Ins. Group* v. *Trester* (1970), 22 Ohio App. 2d 172.

Furthermore, there is no warehouseman's lien in favor of the defendant pursuant to R. C. 1307.14(A) because there exists no "warehouse receipt" as mentioned in this paragraph of the statute. By the terms of R. C. 1301.01 (SS), "warehouse receipt" means a receipt issued by a person engaged in the business of storing goods for hire.

Neither can there be any artisan's lien in favor of defendant on plaintiff's automobile pursuant to R. C. 1333.41, which, in pertinent part, provides:

"Every bailee for hire performing work or furnishing material on personal property other than motor vehicles as defined in Section 4501.01 of the Revised Code at the request of the owner shall have a lien on such property for the charge for such work and materials furnished by such bailee for hire * * *." Motor vehicles are specifically excluded from the bailee's lien codified in R. C. 1333.41. The artisan's lien as it affects automobiles remains a common-law lien. *Commonwealth Loan Co.* v. *Berry* (1965), 2 Ohio St. 2d 169.

At common law, a garage keeper acquires no lien for storage or towing services for an automobile. Such lien arises only when such bailee or artisan imparts or confers value upon the automobile by virtue of his "performing work or furnishing material" for the automobile.

*Gulf Ins. Group* v. *Trester, supra*; *Midland Acceptance Corp.* v. *Kuderer* (1929), 27 Ohio N. P. (N. S.) 416; 61A Corpus Juris Secundum 700, 703, 704, Motor Vehicles, Sections 748(d), 748(e); 8 Corpus Juris Secundum 435, Bailments, Section 35; *cf. Fishback* v. *Foster* (1922), 23 Ariz. 206, 202 P. 806; *Fields* v. *Steyaert* (1974), 21 Ariz. App. 30, 515 P. 2d 57.

Since defendant had no artisan's lien under R. C. 1333.41, nor a warehouseman's lien under R. C. 1307.14, he wrongfully converted plaintiff's automobile when he refused plaintiff's demand to deliver possession to him.

The argument of defendant, construed as an assignment of error, that defendant has a warehouseman's lien for storage or towing charges for plaintiff's automobile pursuant to R. C. 1307.14, is not well taken.

The plaintiff's complaint is insufficient as a basis for punitive damages. Such complaint fails to allege any malice on the part of the defendant. It is required that malice be shown in order to recover punitive damages. 16 Ohio Jurisprudence 2d 184, Damages, Section 161; *Wilchins* v. *Pool* (1971), 29 Ohio App. 2d 223, 226. The pleadings had no allegations of malice. See *Johnson* v. *Stackhouse Oldsmobile* (1971), 27 Ohio St. 2d 140.

Therefore, the award of punitive damages in the sum of five hundred dollars to plaintiff was contrary to law and reversible error. The judgment of the Fremont Municipal Court for one hundred dollars compensatory damages is affirmed, and the judgment for plaintiff in the sum of five hundred dollars for punitive damages is reversed, vacated and set aside.

*Judgment affirmed in part and reversed in part.*

WILEY and POTTER, JJ., concur.