GREGORY KUNDE *et al.*, Plaintiffs-Appellants, *v.* GAYLN BIDDLE, Defendant-Appellee.

Fourth District   No. 13360

Opinion filed August 26, 1976.

Richard R. Syre and Gary G. Johnson, both of Students' Legal Services, of Normal, for appellants.

Carlon & Carlon, of Normal (Patricia A. Carlon, of counsel), for appellee.

Mr. JUSTICE REARDON delivered the opinion of the court:

Plaintiffs bring this appeal challenging the right of the defendant, the operator of a towing company, to assess towing and storage costs and obtain a lien thereby against wrongfully parked automobiles removed from privately owned parking lots without the lawful possessor's permission.

In separate instances, each plaintiff had wrongfully parked his automobile on a private parking lot. No plaintiff had permission or right to park on these lots. At the request of the owner, or an authorized agent of the owner, of each lot, defendant towed each automobile to the Normal Auto Body Shop, which is owned and operated by defendant. Each plaintiff attempted to recover his automobile from defendant, but defendant would not release the cars until he received, in cash, the towing and storage costs from each plaintiff. The only substantial difference in the three towing episodes is that Kunde expressly did not authorize the towing and storage of his automobile as he was present at the towing and unsuccessfully attempted to halt the towing procedure.

Plaintiffs brought conversion of property actions in the form of separate small claims against defendant. After a bench trial, the trial court entered an order finding that the defendant was authorized to tow the vehicles of each plaintiff, and to charge a reasonable sum for such service which could be impressed as a lien against the vehicles pursuant to statute. The court further found that defendant had no right to impose additional charges for storage after a proper demand for possession had been made, and ordered that judgment be entered in favor of plaintiffs for recovery of storage fees and costs.

Plaintiffs concede the right of landowners to remove wrongfully parked automobiles from their land. The gist of plaintiffs' conversion actions and this appeal center on defendant's claimed right to withhold the removed vehicles from the rightful possessors, the plaintiffs.

■■ The essence of an action for conversion is the wrongful deprivation of property from the person entitled to possession. (*Hobson's*

*Truck Sales, Inc. v. Carroll Trucking, Inc.* (1971), 2 Ill. App. 3d 978, 276 N.E.2d 89; *First Finance Co. v. Ross* (1966), 75 Ill. App. 2d 403, 221 N.E.2d 37.) A party claiming a conversion must show (1) an unauthorized and wrongful assumption of control, dominion, or ownership by a person over the personalty of another; (2) his right in the property; (3) his right to the immediate possession of the property, absolute and unconditional; and (4) a demand for possession thereof. *Hobson's Truck Sales, Inc.*; 89 C.J.S. *Trover and Conversion* §36, 50, 52 (1955).

Plaintiffs contend that the defendant did not acquire either a common law or statutory lien on their automobiles and, therefore, defendant had no right to retain possession of the cars simply because he had not been paid for towing and storage.

Liens can be created only by agreement or by statute. (*Unger v. Checker Taxi Co.* (1961), 30 Ill. App. 2d 238, 174 N.E.2d 219.) In the instant case there was no express agreement to create a lien, nor was there any implied agreement to create a lien. A garagekeeper does not create a common law lien by the mere unauthorized towing of a vehicle to a garage to repair or store the vehicle. *West Allis Industrial Loan Co. v. Stark* (1928), 197 Wis. 363, 222 N.W. 310; 61A C.J.S. *Motor Vehicles* §748(e) (1970).

Defendant argues that he acquired a statutory lien for the towing and storing charges pursuant to two statutes. Section 1 of "An Act for the better protection of any person, firm or corporation expending labor, skill, or materials * * *" (Ill. Rev. Stat. 1973, ch. 82, par. 40), provides for a lien when labor, skill, or material is expended or storage furnished for a chattel "* * * .at the request of its owner, reputed owner, or authorized agent of the owner, or lawful possessor thereof * * *". Section 1 of "An Act concerning liens for labor, services, skill or materials furnished upon or storage furnished for chattels" (Ill. Rev. Stat. 1973, ch. 82, par. 47(a)) provides for a lien when labor, services, skill or material is expended or storage if furnished for a chattel, "at the request of its owner, authorized agent of the owner, or lawful possessor thereof." Defendant argues that he expended labor and skill at the request of the lawful possessor of the vehicles, *i.e.*, the owners of the property on which the vehicles were wrongfully parked. Plaintiffs argue that no statutory lien was acquired pursuant to either of the statutes because defendant's services were not requested by the owner, authorized agent of the owner, or lawful possessors of the vehicles.

There appears to be no case which has defined the term "lawful possessor" in the context of these statutory provisions. A construction that the lot owners were lawful possessors would be a strained interpretation and application of the statutory lien provisions. The lot owners cannot be considered agents of the plaintiffs since they did not act in a representational capacity, nor were they under the control of plaintiffs

(2A C.J.S. *Agency* §192 (1972)), nor were they bailees of the automobiles since they did not accept control over the cars. (*Wall v. Airport Parking Co.* (1969), 41 Ill. 2d 506, 509, 244 N.E.2d 190.) While the lot owners may have had, as plaintiffs concede, the right to have the vehicles removed from their property, they cite no authority for the proposition that they acquired possessory rights in the vehicles because they were wrongfully parked on their property. A mere possessor has no authority to create a lien against an automobile without the owner's consent. 61A C.J.S. *Motor Vehicles* §746 (1970).

The lien theory which defendant asserts had been rejected in analogous cases from other jurisdictions. In *Murrell v. Trio Towing Service, Inc.* (Fla. App. 1974), 294 S.2d 331, plaintiff, who had parked his car on private property, brought an action to recover compensatory and punitive damages for conversion against defendant towing service, which had towed plaintiff's vehicle from a private parking lot at the request of the lot owner. In holding that defendant was liable for conversion, the court rejected the argument that defendant had acquired a lien for towing and storage either by statute or at common law since there was no agreement, express or implied.

In *Younger v. Plunkett* (E.D. Pa. 1975), 395 F.Supp. 702, plaintiff car owners brought suit against two towing companies challenging the constitutionality of a Pennsylvania possessory lien law. One of the plaintiffs, Shumate, like the plaintiffs in the instant case, parked his car on a private lot, subsequently learned that it had been towed away by a towing service, and that in order to recover it he would have to pay a fee for the towing and storage. Another plaintiff, Younger, had his car towed away, and was required to pay for towing and storage but, unlike the instant case, his car was towed from a public street following an accident pursuant to police order. The court concluded that the towing companies acquired no possessory lien under either Pennsylvania common law or statutory enactment.

Defendant also contends that the Normal Municipal Code authorizes him to impose these charges, and, thereby, create a lien against plaintiffs' automobiles. The applicable sections of the Code are as follows:

"§22.10—1 LICENSE REQUIRED. It shall be unlawful for any person, firm or corporation to engage in the business of removing vehicles from either public or private property without the consent of the owner or operator of such vehicle, or otherwise providing such service for a fee without having first secured a license therefor, provided, however, the Normal Police Department may authorize a person, firm or corporation not licensed hereunder to remove a motor vehicle from public or private property where such vehicle constitutes a hazard to the public or otherwise

impeded the Town of Normal in providing Municipal services."

"§22.10—4 NOTIFICATION OF NORMAL POLICE DEPARTMENT. Any licensee who removes a motor vehicle from private or public property without the consent of the owner or operator of said vehicles shall, within one hour from the removal of said vehicle, provide the Normal Police Department with a description of the vehicle, the license number, if any, the time of removal, the location from which the vehicle was removed and the location to which it was taken."

"§22.10—6 SCHEDULE OF FEES. The licensee shall file with the Town Clerk a schedule of fees listing all current charges made by the licensee for towing, storage or other reason in connection with the removal of motor vehicles by the licensee or the redemption of such vehicles by their respective owners or operators.

A copy of the schedule of fees as filed with the Town Clerk shall be clearly posted at the claim location and the licensee shall charge for towing, storage or other reason in connection with the removal of motor vehicles by the licensee or the redemption of such vehicles by their respective owners or operators only in accordance with such schedule."

"23.5—11 PARKING MOTOR VEHICLES ON PRIVATE PROPERTY. It shall be unlawful to park any motor vehicle on any private property without the consent of the owner of the property."

■■  Chapter 22 of the Normal Municipal Code is a licensing ordinance and does not, by its terms, create a lien. Section 23.5—11 merely provides that parking on private property without the owner's consent is unlawful. Consequently, the defendant cannot claim rightful detention for towing and storage charges pursuant to either the Illinois statute, common law, or the Normal Municipal Code toward plaintiffs' automobiles.

■■  Plaintiffs have met the burden of proving all the elements constituting a conversion. (*First Finance Co.*) We are troubled, however, by our finding in this case, concerning the absence of meaningful remedies available to protect the use and operation of private parking lots. Although private parking lot owners have a remedy at common law to abate a nuisance on their property, this remedy leaves uncertain who is liable for the abatement costs. The lot owner may also pursue a trespass action, but it scarcely affords a prompt, meaningful and effective resolution of the problem.

The problem presented by the instant case is a real one as to which the remedy is not entirely clear. In this connection, the following language from *Younger* is pertinent:

"This case demonstrates a court's inadequacy, as an institution, to

assure a 'perfect justice' for all litigants. The consequence of this decision may be that where landowners have used the self help system of having a car towed away, by reason of a car owner's trespassing upon their property, they now do not have a totally adequate remedy if the towing company is not reimbursed as a matter of right under a lien system. But, in contrast, the lien system can cause certain extraordinary abuses * * *. Here, we decide merely the towing company's common law lien rights, and as the legislature has done in the past, when it concluded that the common law remedies were inadequate, it can explore the type of system which gives a fair measure of protection to both the owners of land and the owners of cars." 395 F.Supp. 702, 714-15.

■■ In reiteration, we find that the mere towing of an automobile from a private parking lot without the owner's or lawful possessor's consent does not create a lien against that automobile. An automobile taken from a private parking lot without the lawful possessor's consent may not be withheld from him for his failure to pay the expense of the towing and storage.

The judgment in favor of defendant Gayln Biddle is hereby reversed, and cause is remanded with directions to enter judgment on the issue of liability for conversion in favor of plaintiffs Kunde, Gerhardt, and Michel, and, further, to conduct a hearing on the issue of their damages.

Judgment reversed and cause remanded with directions.

CRAVEN, P. J., and GREEN, J., concur.