CAMERON, Justice.
This petition for special action filed by Wayne Capson seeks review of the respondent Superior Court’s denial of petitioner’s motion to dismiss. We have jurisdiction pursuant to Ariz. Const. Art. 6, § 5.
The issues we must resolve in this appeal are:
1. If an automobile is parked on posted private property without permission and is towed away, does the towing company have a lien on the vehicle for towing and storage?
2. If no lien attaches, does refusal to release the towed vehicle constitute theft under A.R.S. § 13-1802?
The facts necessary to resolve these issues are not in dispute. On 5 January 1983 Alan James Thompson parked his automobile on private property near an apartment complex in northeast Phoenix. Thompson was visiting tenants in the apartment complex. Signs prohibiting parking in the area indicated that violators’ automobiles would be towed away and a $75 towing fee incurred. When Thompson returned to his automobile, he discovered that it was missing. Thompson contacted the apartment manager and was informed that the automobile had been towed away by the petitione'r’s towing company, Galaxy ■ Towing Inc. Thompson and his host went to petitioner’s lot and attempted to retrieve the automobile. The petitioner refused to open the gate to his lot and release the car until a $75 towing fee was paid. Thompson called the police but the petitioner continued to refuse to cooperate. Finally, the police threatened to cut the chain and retrieve the automobile, at which time the *115 petitioner opened the gate and returned the automobile.
Petitioner was charged with theft of property in violation of A.R.S. § 13-1802(A). After his motion to dismiss was denied by the respondent judge, the petitioner brought this special action. We accepted jurisdiction to settle what we believe to be an uncertainty in the law and to address a matter of statewide importance.
WAS THERE A LIEN?
At common law, a garageman acquired no lien for towing or storage of a vehicle. A common law lien arose only when some value was imparted to the automobile by “performing work or furnishing material” for the vehicle. Candler v. Ash, 53 Ohio App.2d 134, 136, 372 N.E.2d 617, 619 (1976); see also United Tire and Investment Co. v. Maxwell, 202 Okl. 476, 477, 215 P.2d 541, 542 (1950). Our Court of Appeals has held that, “The existence of [a lien for storage] is strictly statutory and, being in derogation of the common law, such a right is entirely conditional on the statutory wording.” Fitzhugh v. City of Douglas, 122 Ariz. 599, 600, 596 P.2d 737, 738 (App.1979). Any lien for towing or storage of an automobile in Arizona must have a statutory basis.
The statute relied upon by petitioner states:
Proprietors of garages, repair and service stations shall have a lien upon motor vehicles of every kind, and the parts and accessories placed thereon, for labor, materials, supplies and storage for the amount of the charges, when the amount of the charges is agreed to by the proprietor and the owner.
A.R.S. § 33-1022(B). This statute does not authorize a lien for the towing of automobiles, and there is, then, no statutory basis for allowing a lien on an automobile for towing. Even if we assume that the statute allows a lien for the storage of the automobile that has been towed, there must be an agreement as to the storage charges. Currie v. Dooley, 132 Ariz. 584, 587, 647 P.2d 1182, 1185 (App.1982). In the instant case, there is no indication that any part of the $75 towing charge included a charge for storage, and there is no other evidence that there was an agreed amount as and for storage.
The petitioner contends, however, that because the signs prohibiting parking stated that there would be a $75 towing fee assessed if a vehicle was towed, there was an implied agreement to pay that amount. Therefore, the petitioner claims that Currie, supra, does not apply. Admittedly, the language in Currie, supra, could be read to indicate that if the signs posted on the parking lot specified an amount to be paid for towing the vehicle away, then a person parking in the lot impliedly agreed to pay that amount as “charges.” This reasoning, however, ignores the fact that even if there were an implied agreement to pay $75 for towing, there is no statutory basis for a lien to secure the payment of that amount. As to a lien for storage, there is no way that the owner of the vehicle, when reading the sign, could know (and therefore agree upon) the storage charges. We find no garageman’s lien for storage.
Petitioner further asserts, however, that if there is no garageman’s lien pursuant to A.R.S. § 33-1022(B), supra, there is a landlord’s lien pursuant to A.R.S. § 33-362. That statute states:
The landlord shall have a lien on all property of his tenant not exempt by law, placed upon or used on the leased premises, until the rent is paid. The lien shall not secure the payment of rent accruing after the death or bankruptcy of the lessee, or after an assignment for the benefit of the lessee’s creditors.
A.R.S. § 33-362(A). Petitioner contends that by parking in the lot containing the sign, there is created a landlord-tenant relationship between the owners of the land and the person parking on the land. Petitioner is essentially claiming that Thompson “leased” the parking spot from the owners of the land. We do not agree. There was no intent on the part of either Thompson or the landowners to enter into a “lease” for the parking spot in question, and no landlord-tenant relationship was created. In fact, by posting the signs, the *116 landowners made it quite clear that they did not want to create any landlord-tenant relationship. We find no landlord’s lien.
Neither do we find a common law possessory lien. A possessory lien must be consensual in nature. There must be an express or implied agreement between the owner of the vehicle and the person doing the services for a lien to attach. Associates Financial Services v. O’Dell, 491 Pa. 1, 4, 417 A.2d 604, 606 (1980); Robey v. Winn, 453 S.W.2d 763, 764 (Ky.1970) (after police seizure, court stated, “It would appear the garageman does not have such a lien since the charges were incurred without the authorization of the owner.”); Murrell v. Trio Towing Service, Inc., 294 So.2d 331, 333 (Fla.App. 1974); Burns Motor Co. v. Briggs, 27 Ohio App. 80, 83, 160 N.E. 728, 729 (1928). As the Court of Appeals of Illinois stated:
In the instant case there was no express agreement to create a lien, nor was there an implied agreement to create a lien. A garagekeeper does not create a common law lien by the mere unauthorized towing of a vehicle to a garage to repair or store the vehicle.
******
While the lot owners may have had [as the owners of the towed vehicles concede] the right to have the vehicles removed from their property, they cite no authority for the proposition that they acquired possessory rights in the vehicles because they were wrongfully parked on their property. A mere possessor has no authority to create a lien against an automobile without the owner’s consent.
Kunde v. Biddle, 41 Ill.App.3d 223, 225-26, 353 N.E.2d 410, 413 (1976) (citations omitted). The landlord is not without recourse. He can, for example, remove the vehicle from the property, assert a civil claim for both storage and towing, or institute an action for criminal trespass pursuant to A.R.S. § 13-1502. The landlord cannot, however, confer upon the towing company the right to impose a lien for towing and storage of the vehicle. We find no possessory lien.
WAS THIS THEFT?
As a result of the petitioner’s failure to yield possession of the vehicle to its owner, the petitioner was charged with theft. Our theft statute states in pertinent part:
A person commits theft if, without lawful authority, such person knowingly: 1. Controls property of another with the intent to deprive him of such property;
A.R.S. § 13-1802(A). The code further states:
“Deprive” means to withhold the property interest of another * * * with the intent to restore it only upon' payment of reward or other compensation * * *.
A.R.S. § 13-1801(2). The petitioner was charged with a violation of this statute. The state concedes the petitioner may be entitled to payment of the $75 fee, but claims that because no lien attached, “Galaxy Towing [had] no legal right to hold a car for ransom * * *.” Therefore, the state claims the petitioner is guilty of theft.
According to the undisputed facts,' the petitioner, without lawful authority, knowingly controlled the property of another with the intent to restore it only upon payment of compensation. We believe the elements of the crime as specified under A.R.S. § 13-1801(2) and § 13-1802(A) have been satisfied, and that the petitioner may be charged with theft. We note, however, that in the instant case the petitioner may have acted under a plausible, though incorrect, interpretation of the statute. We believe therefore that our holding in this matter should have prospective application only and apply to fact situations which arise after the filing of this opinion. It shall not apply to the petitioner.
The matter is remanded for further proceedings not inconsistent with this opinion.
HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.