This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Shirley and Vivian Bell, appeal from the judgment of the Summit County Court of Common Pleas denying their motion for a judgment notwithstanding the verdict or, alternatively, their motion for a new trial. We affirm.
Appellants filed a complaint alleging that Appellees, Robert and Marie Joecken, obstructed their right-of-way easement and interfered with their use and enjoyment of the easement. In response, Appellees filed a counterclaim asserting that they had acquired a prescriptive easement over a segment of Appellants' property. A jury trial was held, and the jury found in favor of Appellees, both on Appellants' complaint and Appellees' counterclaim. Thereafter, Appellants moved for a judgment notwithstanding the verdict or, in the alternative, a new trial. The trial court denied both motions. Appellants timely appeal raising four assignments of error for review. We will address assignments of error two and four together as they concern similar issues of law and fact.
 ASSIGNMENT OF ERROR I The trial court erred to the prejudice of Appellant[s] when it denied Appellants' presentation of evidence on the issue of malice.
In their first assignment of error, Appellants aver that the trial court erred when it denied Appellants the opportunity to present evidence regarding malice to support their request for punitive damages. We disagree.
A trial court has broad discretion to admit or exclude evidence. Statev. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. Therefore, absent an abuse of discretion, an appellate court will not disturb a decision of a trial court regarding the admission or exclusion of evidence. Id. at 182. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
Punitive damages need not be specially pleaded or claimed. BrookridgeParty Ctr., Inc. v. Fisher Foods, Inc. (1983), 12 Ohio App.3d 130, 131. However, the plaintiff must allege facts in the complaint from which the essential element of malice may be inferred. Columbus Finance, Inc. v.Howard (1975), 42 Ohio St.2d 178, 183; Candler v. Ash (1976),53 Ohio App.2d 134, 137. If the plaintiff's complaint does not allege such facts, the plaintiff must amend his or her complaint to allege facts supporting an inference of malice. Lambert v. Shearer (1992),84 Ohio App.3d 266, 275.
In the instant case, Appellants requested an award for punitive damages in their complaint; however, they failed to allege facts to support an inference of malice to justify an award of punitive damages. As such, Appellants were required to amend their complaint to allege such facts to support an inference of malice. See id. Consequently, the trial court did not abuse its discretion in denying Appellants the opportunity to present evidence regarding malice as Appellants did not properly allege facts in their complaint to permit such an inquiry. Accordingly, Appellants' first assignment of error is overruled.
 ASSIGNMENT OF ERROR II The jury verdict denying [Appellants'] claim of interference and trespass on the use and enjoyment of their easements over the land of the Appellees and other Defendants, the Jacobs[,] was against the manifest weight of the evidence.
 ASSIGNMENT OF ERROR IV The jury verdict granting Appellees an easement by prescription was based on insufficient evidence and was against the manifest weight of the evidence.
In their second and fourth assignments of error, Appellants challenge the adequacy of the evidence presented at trial. Specifically, in their second assignment of error, Appellants assert that they presented "uncontroverted" evidence that Appellees trespassed on their easement and interfered with their use and enjoyment of their land; therefore, the judgment was contrary to the manifest weight of the evidence. Additionally, in their fourth assignment of error, Appellants assert that Appellees failed to present sufficient evidence to establish a prescriptive easement and that the jury's verdict was against the manifest weight of the evidence. Appellants' assignments of error lack merit.
When evaluating whether a judgment is against the manifest weight of the evidence in a civil context, the standard of review is the same as that in the criminal context. Frederick v. Born (Aug. 21, 1996), Lorain App. No. 95CA006286, unreported, at 14. In determining whether a criminal conviction is against the manifest weight of the evidence:
 [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [jury/trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment/conviction] must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the [judgment/conviction].
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175; see, also, State v. Otten
(1986), 33 Ohio App.3d 339, 340. Accordingly, before an appellate court will reverse a judgment as against the manifest weight of the evidence in a civil context, the court must determine whether the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a manifest miscarriage of justice.
Additionally, an appellate court will not reverse a judgment on the basis of insufficient evidence that is supported by some competent, credible evidence. C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, syllabus. This standard is highly deferential and even "some" evidence is sufficient to sustain the judgment and prevent reversal. Barkley v. Barkley (1997), 119 Ohio App.3d 155, 159. Finally, we note that an evaluation of the weight of the evidence is dispositive of both issues in this case. See, e.g., State v. Callahan (Oct. 17, 2001), Summit App. No. 20432, unreported, at 5.
Appellants alleged that Appellees erected a fence, which encroached upon their easement, thereby interfering with their use and enjoyment of their easement and constituting a trespass. The wrongful obstruction of an easement is a trespass. Shields v. Titus (1889), 46 Ohio St. 528,541. To prove a trespass claim, the party must show that: (1) he or she had a possessory interest in the property; and (2) the offending party entered the property without consent or proper authorization or authority. See Chalker v. Howland Twp. Trustees (1995), 74 Ohio Misc.2d 5,18.
In response to Appellants' allegations, Appellees asserted that they had obtained a prescriptive easement over a portion of Appellants' property for ingress and egress. The party seeking to establish a prescriptive easement bears the burden of proving each element of the claim. McInnish v. Sibit (1953), 114 Ohio App. 490, 493. Therefore, in order to prevail on a claim for prescriptive easement, the party must establish that he or she used the property at issue: (1) openly; (2) notoriously; (3) adversely to his or her neighbor's property rights; (4) continuously; and (5) for at least twenty-one years. Pence v. Darst
(1989), 62 Ohio App.3d 32, 37.
At trial, Juanita Jacob ("Juanita"), a neighbor, testified that she did not know why Appellees erected the fence. Nonetheless, she stated that the fence did not diminish the graveled width of the lane. Lastly, during Juanita's testimony it was stipulated that the Jacobs gave Appellants an easement.
Shirley Bell ("Shirley") testified that he did not know Appellees' motivation for putting up the fence, but explained that he heard it was to prevent the Jacobs from mowing the grass. He further stated that he had given up the fifteen-foot easement that was originally in his deed, and obtained a new easement from the Jacobs. This new easement was for ingress and egress, and Shirley said that it is not as wide as his original easement.
Vivian Bell ("Vivian") testified that Appellees erected the fence to prevent the Jacobs from filing an adverse possession claim. Although she testified that the width of the lane had not changed since Appellees constructed the fence, she said that the fence made it difficult to drive on the lane. Contrarily, Gerald Ross, the chief of the fire department, testified that the fence did not hinder his ability to drive on the lane in fire engines and tankers.
Robert Joecken ("Robert") testified that he has lived in his home since 1976. He also stated that he had a survey done of his property to ensure that the fence was erected on his property. Additionally, Bernard Park, a neighbor, supported Robert's testimony and maintained that the fence was not in the lane, but rather, on Appellees' property.
Marie Joecken ("Marie") testified that a lane, different from the lane previously mentioned, existed across Appellants' property. Marie stated that she and Robert used this lane since they purchased their property in 1976. She further testified that neither she nor Robert obtained Appellants' permission to use the lane. Marie explained that they used the lane to access the back portion of their property. On the back portion of their property, Marie would train horses, pick berries with her grandchildren, and Robert would cut down trees with a lawn mower approximately six feet wide. Finally, Marie stated that they frequently used the lane in the summer, and infrequently used it in the winter.
In the case sub judice, the jury had the opportunity to view the witnesses' testimony and adjudge their credibility; therefore, we must give deference to the jurors' judgments. See State v. Lawrence (Dec. 1, 1999), Lorain App. No. 98CA007118, unreported, at 13. Upon careful review of the testimony and evidence presented at trial, we hold that the jury did not act contrary to the manifest weight of the evidence in concluding that Appellees had not trespassed on or interfered with Appellants' use and enjoyment of their easement or that Appellees obtained a prescriptive easement over Appellants' property. Consequently, we conclude that Appellants' assertion that Appellees did not produce sufficient evidence to support the claim for a prescriptive easement is also without merit. Accordingly, Appellants' second and fourth assignments of error are overruled.
 ASSIGNMENT OF ERROR III The trial court erred to the prejudice of Appellant[s] when it instructed the jury that the [Appellees'] burden of proof for establishing an easement by prescription was "greater weight of the evidence" instead of "clear and convincing evidence".
In their third assignment of error, Appellants contend that the trial court erred when it incorrectly instructed the jury as to the burden of proof for establishing a prescriptive easement. Appellants' contention lacks merit.
Pursuant to Civ.R. 51(A), "a party may not assign as error the giving [of a jury] instruction unless the party objects before the jury retires to consider its verdict[.]" See, also, Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207, paragraph one of the syllabus (holding that a party, who fails to object to the giving of a jury instruction before the jury retires, may not assert as error the giving of the instruction). After a thorough review of the record, we find that Appellants failed to enter an objection regarding the jury instruction. Therefore, Appellants' failure to raise this objection before the trial court precludes them from arguing on appeal that the instruction was improper. Leber v. Smith
(1994), 70 Ohio St.3d 548, 552.
Nevertheless, Appellants contend that the plain error doctrine is applicable. The plain error doctrine is a principle that is applied almost exclusively in criminal cases; however, it may be applied in civil cases. Reichert v. Ingersoll (1985) 18 Ohio St.3d 220, 223. The Ohio Supreme Court, in Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, syllabus, limited the application of the plain error doctrine in civil cases as follows:
 In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.
(Emphasis added.) (Citations omitted.) See, also, Cleveland Elec.Illum. Co. v. Astorhurst Land Co. (1985), 18 Ohio St.3d 268, 275.
Appellants have failed to demonstrate such exceptional circumstances in the instant case. Accordingly, we find that Appellants failed to raise this issue in the trial court, and may not now do so on appeal. Appellants' third assignment of error is overruled.
Appellants' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Exceptions.
BATCHELDER, J. CONCURS., CARR, J. CONCURS IN JUDGMENT ONLY