NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JAYME LOPEZ, *Petitioner/Appellee*,

*v.*

BRANDON LOPEZ, *Respondent/Appellant*.

No. 1 CA-CV 17-0736 FC
FILED 9-13-2018

Appeal from the Superior Court in Maricopa County
No. FC2017-096666
The Honorable Richard J. Hinz, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Tyler Allen Law Firm, Phoenix
By Shannon L. Peters
*Counsel for Respondent/Appellant*

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which
Presiding Judge Jennifer B. Campbell and Judge Diane M. Johnsen joined.

**C R U Z**, Judge:

¶1        Brandon Lopez ("Husband") appeals the superior court's order continuing an order of protection. He argues the superior court abused its discretion by violating his due process rights and by ordering a firearm restriction under the federal Brady Handgun Violence Prevention Act ("Brady Act").[1] He also argues the superior court abused its discretion because its findings were supported by improper evidence.[2] For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY[3]

¶2        In October 2017, Jayme Lopez ("Wife") filed a petition for an order of protection. She alleged Husband had been "physically, emotionally, and mentally abusive" towards her during the eighteen months she and Husband were married. The superior court issued an *ex parte* order of protection, and Husband requested a hearing.

¶3        The superior court held a hearing after which it ordered that the order of protection should remain in full force and effect. The court found by a preponderance of the evidence that there was reasonable cause to believe Husband had committed an act of domestic violence within the

---

[1]     The Brady Act, codified within Title 18, Chapter 44 of the United States Code, provides, in relevant part, that "[i]t shall be unlawful for any person . . . who is subject to a court order that . . . restrains such person from harassing, stalking, or threatening an intimate partner of such person . . . or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner . . . and includes a finding that such person represents a credible threat to the physical safety of such intimate partner . . . to . . . possess . . . any firearm or ammunition." 18 U.S.C. 922(g) (2015).

[2]     Jayme Lopez ("Wife") did not file an answering brief. In the exercise of our discretion, we decline to treat her failure to file an answering brief as a confession of error. *See Gonzales v. Gonzales*, 134 Ariz. 437, 437 (App. 1982) ("Although we may regard [the] failure to respond as a confession of reversible error, we are not required to do so.").

[3]     We view the facts in the light most favorable to upholding the superior court's ruling. *Michaelson v. Garr*, 234 Ariz. 542, 544 n.1 (App. 2014).

last year. It also found that good cause existed to continue the application of the Brady Act.

¶4 Husband timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(5)(b), and Arizona Rule of Protective Order Procedure 42(b)(2).

## DISCUSSION

¶5 We review an order of protection for an abuse of discretion, *Shah v. Vakharwala*, 244 Ariz. 201, 202, ¶ 5 (App. 2018), but we review questions of law, including due process claims, *de novo*. *Savord v. Morton*, 235 Ariz. 256, 260, ¶ 16 (App. 2014).

¶6 Upon the filing of a verified petition, a court has jurisdiction to issue an order of protection if it finds there is reasonable cause to believe a "defendant may commit an act of domestic violence" or "has committed an act of domestic violence within the past year" or longer if the court finds good cause. A.R.S. § 13-3602(E); *see also* A.R.S. § 13-3602(P). When the court issues an *ex parte* protective order, upon the respondent's request it shall hold a hearing, after which it may continue the order. A.R.S. § 13-3602(I). The term "domestic violence" is defined by statute. A.R.S. § 13-3601(A).

I.     Due Process

¶7 Husband argues the superior court violated his due process rights because it allowed Wife to testify about matters not sufficiently specified in Wife's petition, which he asserts lacked specific dates and acts. He also argues the superior court abused its discretion by considering testimony regarding allegations that were not specifically alleged in the petition.

¶8 Due process protections apply to protective order proceedings. *See Savord*, 235 Ariz. at 259-60, ¶ 16. Husband was therefore entitled to receive notice reasonably calculated to apprise him of Wife's allegations so he could adequately prepare his opposition and have a meaningful opportunity to be heard. *See* Ariz. R. Protective Order P. 38(e) (providing that at a contested order for protection hearing, "[t]he judicial officer must ensure that both parties have an opportunity to be heard, to present evidence, and to call and examine and cross-examine witnesses."). Allowing a petitioner to testify as to matters outside the petition deprives a defendant of due process. *See Savord*, 235 Ariz. at 259, ¶ 16.

¶9        Husband admits that from the petition itself he was on notice that Wife alleged he committed acts of domestic violence against her on October 14, 2017, October 17, 2017, and November 18, 2016.  In the petition filed October 19, 2017, Wife also references events occurring the day prior, that is October 18, 2017.   While it is true that the court allowed, over Husband's objection, Wife to testify about events occurring outside of these four dates, the court nonetheless found Wife proved acts of domestic violence on each of the four relevant dates, and those findings sufficiently supported its decision to continue the protective order.  For example, the superior court found that as to the November 18, 2016 incident, where the police were called and a report was generated, Wife proved by a preponderance of the evidence an act of domestic violence.  Specifically, the court stated, "[t]he Court believes that [Husband] did likely choke [Wife] or put his hands on her, also knocked a bag of candy out of her hands."  Thus, it concluded that incidents of harassment and disorderly conduct occurred on the three dates alleged.  We will affirm the superior court on any basis supported by the record.  *Adage Towing & Recovery, Inc. v. City of Tucson*, 187 Ariz. 396, 398 (App. 1996).

¶10        The superior court also stated that, having observed the testimony and judged the credibility of the witnesses present in the courtroom, it did not find Husband's testimony credible.  Although there was conflicting evidence presented at the hearing, we defer to the court's superior position to weigh the evidence, make credibility determinations, and resolve conflicts in facts.  *In re Estate of Pouser*, 193 Ariz. 574, 579, ¶ 13 (1999).  In sum, we affirm the superior court's order because its findings that Husband committed domestic violence acts against Wife, as Wife alleged in the petition, were supported by her testimony and the court found her to be credible.

II.        Brady Act Restriction

¶11        Husband next argues the superior court erred because there was no basis upon which the court could have concluded that he posed a credible threat to Wife's physical safety.  He also argues Wife never put his access to firearms at issue because her petition alleged no incidents involving firearms.  We disagree.

¶12        A court issuing an order of protection can "prohibit the defendant from possessing or purchasing a firearm for the duration of the order" if it determines that "the defendant is a credible threat to the physical safety of the plaintiff."  A.R.S. § 13-3602(G)(4).

**¶13** In Wife's petition, at item 7, she requested Husband not be permitted to possess firearms because of a risk of harm. This was sufficient to put the matter at issue and Husband on notice. In addition, she testified she felt fearful when she learned the gun kept in the home had been moved from its usual storage place. This testimony, along with the superior court's findings that Husband had been physically violent with Wife, supported the court's decision to order the continued application of the Brady Act restriction on Husband's right to possess a firearm for the term of the order of protection.

## CONCLUSION

**¶14** For the foregoing reasons, we affirm the superior court's order affirming the order of protection and firearms restriction.



AMY M. WOOD • Clerk of the Court
FILED: AA